SARAH HURLEY v. J. N. LOVETT.

(Filed 3 December, 1930.)

**Libel and Slander D c—Where complaint does not allege that words of defendant imported immorality testimony to this effect is not admissible.**

In an action to recover damages for slandering a female when the words sued on are ambiguous, the complaint must allege that the words spoken of and concerning the plaintiff implied immorality in order to admit testimony of witnesses as to their understanding of the intent of the words actually spoken, the wrongful intent being denied both in the answer and in testimony of defendant as a witness.

APPEAL by plaintiff from *Harding, J.,* at January Special Term, 1930, of WILKES. Affirmed.

This is an action to recover damages, both actual and punitive, for slanderous words alleged in the complaint to have been spoken by the defendant of and concerning the plaintiff.

From judgment dismissing the action, at the close of all the evidence, plaintiff appealed to the Supreme Court.

*F. J. McDuffie and Trivette & Holshouser for plaintiff.*
*T. C. Bowie for defendant.*

PER CURIAM. The words alleged in the complaint to have been spoken by the defendant of and concerning the plaintiff are slanderous *per se.* However, the words which all the evidence shows were spoken by defendant are not slanderous *per se.* They do not in themselves impute to plaintiff immoral conduct.

Conceding that the words which the evidence shows the defendant did speak of and concerning the plaintiff, are ambiguous and fairly admit of a slanderous interpretation, in the absence of an allegation in the complaint to that effect, there was no error in excluding testimony of witnesses offered by plaintiff as to their understanding of the meaning of the words spoken by the defendant. Defendant in his answer and also as a witness at the trial, denied that he intended to charge or did charge plaintiff with immoral conduct. The evidence as to the circumstances under which the words were spoken, supports the denial of the defendant. The instant case is distinguishable from *Vincent v. Pace,* 178 N. C., 421, 100 S. E., 581, relied on by plaintiff on her appeal to this Court. In that case, it is alleged in the complaint not only that defendant spoke the words set out therein, but also that he intended thereby to charge and did charge plaintiff with a felony, to wit, larceny.

There was no error in the trial of this action. The judgment is
Affirmed.