IRIS WOOD v. WILLIAM BODENHEIMER.

(Filed 19 May, 1937.)

APPEAL by plaintiff from *Armstrong, J.,* at February Civil Term, 1937, of DAVIDSON. Affirmed.

This is an action for slander brought by plaintiff against the defendant, alleging damage. The plaintiff is a married woman and in her complaint made allegations against defendant which constituted slander *per se.* The defendant denied the allegations of plaintiff.

*J. Lee Wilson, A. J. Newton, and Don A. Walser for plaintiff.*
*Spruill & Olive for defendant.*

PER CURIAM. At the close of plaintiff's evidence, defendant in the court below made a motion for judgment as in case of nonsuit. C. S., 567. The court below sustained the motion, and in this we can see no error.

C. S., 2432, is as follows: "Whereas doubts have arisen whether actions of slander can be maintained against persons who may attempt, in a wanton and malicious manner, to destroy the reputation of innocent and unprotected women, whose very existence in society depends upon the unsullied purity of their character, therefore any words written or spoken of a woman, which may amount to a charge of incontinency, shall be actionable."

The allegations in the complaint of plaintiff charged that the defendant used words in the presence of others which amounted to incontinency and slander *per se.* This was denied by defendant. On the trial the plaintiff's proof did not sustain the allegations of the complaint. It would serve no useful purpose to set out the evidence, but the language used by the witnesses of plaintiff, which was alleged to have been spoken by defendant concerning plaintiff, did not amount to a charge of incontinency. *Harley v. Lovett,* 199 N. C., 793.

The judgment of the court below is

Affirmed.